Slip Op. 11-64

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| GROBEST & I-MEI INDUSTRIAL (VIETNAM) CO., LTD.,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES,<br><br>        Defendant,<br><br>        - and -<br><br>AD HOC SHRIMP TRADE ACTION COMMITTEE and AMERICAN SHRIMP PROCESSORS ASSOCIATION,<br><br>        Defendant-Intervenors. | Before: Pogue, Chief Judge<br><br>Consol. Court No. 10-00238[1] |

OPINION AND ORDER

[Defendant's partial motion to dismiss for failure to state a claim upon which relief may be granted is denied.]

Dated: June 7, 2011

    Thompson Hine LLP (Matthew R. Nicely and David S. Christy, Jr.) and Trade Pacific PLLC (Robert G. Gosselink and Jonathan M. Freed) for Plaintiff and Consolidated Defendant-Intervenor Grobest & I-Mei Industrial Co. Ltd.; Consolidated Plaintiffs Nha Trang Fisheries Joint Stock Co., Bac Liu Fisheries Joint Stock Co., Camau Frozen Seafood Processing Import Export Corp., Ca Mau Seafood Joint Stock Co., Cadovimex Seafood Import-Export and Processing Joint Stock Co., Cafatex Fishery Joint Stock Co., Cantho Import Export Fishery Ltd. Co., C.P. Vietnam Livestock Corp., Cuulong Seaproducts Co., Danang Seaproducts Import Export Corp., Investment Commerce Fisheries Corp., Minh Hai Export Frozen Seafood Processing Joint Stock Co., Minh Hai Join Stock Seafood Processing Co., Ngoc Sing Private Enterprise, Phu Cuong Seafood Processing & Import-Export Co. Ltd., Phuong Nam Co. Ltd., Sao Ta Foods Joint Stock Co., Soc Trang Seafood Joint Stock Co., Thuan Phuoc Seafoods and Trading Corp., UTXI Aquatic Products Processing Corp., and Viet Foods Co. Ltd.; and Consolidated Plaintiffs and Consolidated Defendant-Intervenors Cam Ranh Seafoods Processing Enterprise Co., Contessa Premium Foods Inc., H&N Foods International, Minh Phu Seafood Corp., Minh Phat Seafood Co. Ltd., Minh Qui Seafood

---

    [1] This action is consolidated with Court Nos. 10-00253, 10-00257, 10-00265, 10-00272, and 10-00273.

Consol. Court No. 10-000238                                       Page 2


Co. Ltd., and Nha Trang Seaproduct Co.

    DeKieffer & Horgan (John J. Kenkel and James K. Horgan), Thompson Hine LLP (Matthew R. Nicely), and Trade Pacific PLLC (Jonathan M. Freed) for Consolidated Plaintiff Viet Hai Seafood Co., Ltd.

    White & Case LLP (Walter C. Spak, Adams C. Lee and Jay C. Campbell), Thompson Hine LLP (Matthew R. Nicely), and Trade Pacific PLLC (Jonathan M. Freed) for Consolidated Plaintiff Amanda Foods (Vietnam) Ltd.

    Tony West, Assistant Attorney General; Jeanne E. Davidson, Director; Patricia M. McCarthy, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice (Joshua E. Kurland), and, of counsel, Jonathan M. Zielinski, Attorney, Office of the Chief Counsel for Import Administration, Department of Commerce, for the Defendant.

    Picard Kentz & Rowe LLP (Andrew W. Kentz, Jordan C. Kahn, Nathaniel M. Rickard, and Kevin M. O'Connor) for Defendant-Intervenor Ad Hoc Shrimp Trade Action Committee.

    Stewart and Stewart (Geert M. De Prest and Elizabeth J. Drake) and Leake & Andersson LLP (Edward T. Hayes) for Defendant-Intervenor American Shrimp Processors Association.

    **Pogue, Chief Judge**: The complaint in this consolidated action challenges certain determinations by the U.S. Department of Commerce ("the Department") during the fourth administrative review of the antidumping duty order covering frozen warmwater shrimp from the Socialist Republic of Vietnam.[2] Before the court is Defendant's motion to dismiss, in part, for failure to state a claim upon which relief may be granted.

    Specifically, Defendant moves for dismissal of all counts challenging the Department's practice of setting to zero any negative

---

[2] See Certain Frozen Warmwater Shrimp from the Socialist Republic of Vietnam, 75 Fed. Reg. 61,122 (Dep't Commerce Oct. 4, 2010) (amended final results of the antidumping duty administrative review). The period of review was February 1, 2006 through January 31, 2007.

dumping margins for sales for which the U.S. price exceeded the price of like merchandise in the exporter's home market (the "zeroing" of all margins for non-dumped sales).  The Department used "zeroing" in this proceeding when calculating weighted average dumping margins.[3]

Contrary to Defendant's motion, however, the challenged counts raise legal claims. See Dongbu Steel Co. v. United States, 635 F.3d 1363, 1369-74 (Fed. Cir. 2011); SKF USA Inc. v. United States, 630 F.3d 1365, 1375 (Fed. Cir. 2011).  These claims will be adjudicated on the basis of the relevant authority when the court rules on Plaintiffs' pending motion for judgment on the agency record.

Accordingly, Defendant's motion to dismiss in part for failure to state a claim upon which relief may be granted is DENIED.

It is **SO ORDERED**.

/s/ Donald C. Pogue
Donald C. Pogue, Chief Judge

Dated:     June 7, 2011
           New York, N.Y.

---

[3] Mem. Supp. Def.'s Partial Mot. to Dismiss 1 (seeking dismissal of Count Four of the complaint in Court No. 10-00238, Count Three of the complaint in Court No. 10-00253, and Count Three of the complaint in Court No. 10-00272).